**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JAMES KIRK CAMPBELL**                                                        **PLAINTIFF**

**V.**                                  **CASE NO. 5:10CV00312 SWW**

**JAMES L. WILLIAMS, et al.**                                            **DEFENDANTS**

**ORDER**

**I.     Background:**

James Kirk Campbell, an Arkansas Department of Correction inmate at the time of

filing this action pro se under 42 U.S.C. § 1983, alleges that James L. Williams, a hearing

examiner for the Arkansas Board of Parole, violated his constitutional rights when he

relied upon parole officer LaShondra Brown's misleading testimony.  Mr. Campbell has

failed to state a claim for relief under 42 U.S.C. § 1983, and his claims must be

DISMISSED.

**II.    Discussion:**

A.      Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant,

acting under color of state law, deprived him of a right, privilege, or immunity secured by

the United States Constitution or by federal law.  42 U.S.C. § 1983.  Although "detailed

factual allegations are not required," a complaint must include enough facts to "state a

claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937,

1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955

(2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, __ U.S. __, 129 S.Ct. at 1940.  Pro se complaints are construed liberally, but they still must allege "sufficient facts to support the claims advanced."  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

B.     James Williams

It is well-settled that parole board members and parole hearing officers are entitled to absolute immunity when deciding whether to grant, deny, or revoke parole.  See *Ambrose v. Schultz*, Case No. 06-1565, 2007 WL 403502 (8th Cir. Feb. 7, 2007) (unpublished opinion); *Figg v. Russell*, 433 F.3d 593, 597-98 (8th Cir. 2006); *Anton v. Getty*, 78 F.3d 393, 395 (8th Cir. 1996) (explaining that "parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to judges, and are, therefore, entitled to absolute immunity") (internal quotation omitted)).  Accordingly, Mr. Williams is entitled to absolute immunity.

C.     LaShondra Brown

Mr. Campbell claims that Ms. Brown provided misleading testimony and was permitted to provide "hearsay" evidence depriving Mr. Campbell of the right to cross examine witnesses.  Mr. Campbell requests "reinstatement" and monetary damages.

Mr. Campbell has failed to state a viable § 1983 claim against Ms. Brown for two reasons.  First, Ms. Brown is entitled to absolute immunity when making a parole recommendation.  See *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996) (holding that

parole officer is entitled to absolute immunity when preparing parole recommendation because it "had a similar, close connection" to the parole board's decision to delay parole).

Second, because Mr. Campbell asserts a challenge to the "fact or duration of confinement," such a claim can be brought only in a habeas corpus action, and there only after all available state remedies have been exhausted. See *Prieser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 1836 (1973); 28 U.S.C. § 2254. Furthermore, Mr. Campbell cannot recover money damages until his sentence (or parole revocation) has been reversed by the highest state court or a federal habeas court. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

In *Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005), the Court held that a prisoner must bring a parole challenge in a habeas action "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Unlike this case, the prisoners in *Wilkinson* were challenging the constitutionality of the state's parole procedures, and not the outcome of their individual parole decisions. *Id.* Success on the merits would have entitled the prisoners to new state parole procedures, but not release on parole. Therefore, the Court held that they could proceed with their claims in a § 1983 action.

Here, Mr. Campbell contends that he was not permitted to confront the witnesses against him and that the evidence presented by Ms. Brown was inaccurate. Success on

the merits of that claim could invalidate Mr. Campbell's parole revocation.  As a result, this claim fails.

## III.   Conclusion:

James Kirk Campbell's claims are DISMISSED with prejudice.  This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  An in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

IT IS SO ORDERED this 26th day of April, 2011.


/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE